**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| JEANNE MARIE JOHNSON, | ) | No. 79120-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| GOODWILL INDUSTRIES, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — Jeanne Johnson appeals the trial court's decision dismissing her personal injury action against Goodwill Industries (Goodwill). We affirm.

I.

In 2014, Johnson attempted to sit on a chair that Goodwill had priced for sale and displayed outside the Burien Goodwill store. The chair collapsed and Johnson fell to the ground, injuring herself. The incident was memorialized in an incident report prepared by a Goodwill employee.

Johnson sued Goodwill for damages. Johnson has a history of accidents and injuries over the past 11 years, including a hip injury, an automobile accident, and a bus accident.

After an August 27, 2018, bench trial, the trial court issued a decision for Goodwill. The court found that although Johnson established that Goodwill owed her a

Citations and pin cites are based on the Westlaw online version of the cited material.

duty of care, and that Goodwill breached that duty, she failed to meet her burden of proof for causation. The court found that Johnson failed to present sufficient medical testimony to establish causation between the liability-producing situation and her claimed injuries. The court also found that Johnson failed to present the requisite evidence that her medical bills were reasonable and that her treatment was necessary.

Johnson unsuccessfully moved for reconsideration and a new trial. Johnson appeals.

II.

At the outset, Johnson fails to articulate a basis for her appeal. An appellant must provide an "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Without "adequate, cogent argument and briefing" appellate courts should not consider an issue on appeal. Schmidt v. Cornerstone Inv. Inc., 115 Wn.2d 148, 160, 795 P.2d 1143 (1990). While we recognize that Johnson appears before us pro se, we hold pro se litigants to the same rules of procedure and substantive law as an attorney. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Because Johnson fails to explain how the trial court erred in granting a verdict for Goodwill, we can only review the adequacy of the trial court's written findings and conclusions.

Following a bench trial, this court reviews whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law. State v. Homan, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014).

The trial court first correctly concluded that because Johnson offered no expert or medical testimony to establish causation for her injuries, her claim fails as a matter of law. See, e.g., Ugolini v. States Marine Lines, 71 Wn.2d 404, 407, 429 P.2d 213 (1967) (medical testimony must establish that the liability producing situation more likely than not caused the claimed injury). The trial court also correctly concluded that Johnson failed to present evidence proving that her medical expenses were reasonable and necessary. See Patterson v. Horton, 84 Wn. App. 531, 543, 929 P.2d 1125 (1997). The trial court's conclusions are supported by its findings of fact, which, in turn, are supported by substantial evidence.

Affirmed.

_Mann, C.J._

WE CONCUR:

_Andrus, A.C.J._          _Leach, J._